# EXHIBIT A

# State of Tennessee
## IN THE CHANCERY COURT FOR HAMILTON COUNTY

SHIRLEY SWANSON,

**PLAINTIFF**

VS.

DOCKET NO. 15- 0148

CARRIAGE FUNERAL HOLDINGS, INC. d/b/a
WILLIAMSON & SONS FUNERAL HOME

**DEFENDANT**

## SUMMONS

TO DEFENDANT: Carriage Funeral Holdings, Inc., d/b/a Williamson & Sons Funeral Home:

Serve Registered Agent:  Corporation Service Company

WHOSE ADDRESS IS    2908 Poston Avenue, Nashville, Tennessee  37203-1312

OTHER SERVICE INFORMATION      Plaintiff will serve via certified mail

You are summoned and required to Answer and make defense to a Complaint herewith served upon you.  Your Answer to the Complaint must be filed and served upon plaintiff's attorney on or before thirty (30) days after service of this Summons and Complaint upon you, exclusive of the day of service.  Your Answer must be filed in the OFFICE OF THE CLERK & MASTER, Hamilton County Courthouse, Suite 300, 201 East 7th Street, Chattanooga, Tennessee 37402.  You are also required to serve a copy of your Answer upon the plaintiff's attorney, or the *pro se* plaintiff as set out below.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

ISSUED & TESTED this 19 day of March , 2015.

ROBIN L. MILLER, CLERK & MASTER

By: _____

DEPUTY CLERK + Master

| | |
|---|---|
| Harry F. Burnette | 004803 |
| Plaintiff's Attorney | BPR# |
| or Plaintiff if no attorney (*pro se*) | |
| Burnette, Dobson & Pinchak | |
| Address | |
| 711 Cherry Street | |
| Chattanooga, TN  37402 | |
| 423/266-2121 | 423/266-3324 |
| Tel. No. | Fax No. |

**NOTICE TO DEFENDANT(S)**

Tennessee Code Annotated § 26-2-103 provides a $4,000.00 personal property exemption from execution or seizure to satisfy a judgment.  If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk & Master.  The list may be filed at any time and may be changed by you thereafter as necessary; however unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list.  Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books.  Should any of these items be seized you, would have the right to recover them.  If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

**A TRUE COPY**
ROBIN L. MILLER, Clerk & Master
Chancery Court, Hamilton County, Tennessee
This 19 day of March , 2015
By: _____ DC&M

# SUMMONS RETURN

I received this summons on _____. I certify and return that on _____, I

<div style="margin-left: 1em">(Date)</div>

☐ served this summons and a complaint on defendant, _____

<div style="margin-left: 2em">(Printed Name of Defendant)</div>

in the following manner:

_____

_____

_____

☐ failed to serve this summons within thirty (30) days after its issuance because:

_____

_____

_____

_____         _____
Process Server Name (Printed)                Process Server Signature

_____
Address

[Form 114, Rev 2002.01.15]

IN THE CHANCERY COURT OF HAMILTON COUNTY, TENNESSEE

| | | |
|---|---|---|
| SHIRLEY SWANSON | ) | |
| | ) | JURY DEMAND |
| Plaintiff, | ) | |
| | ) | NO. 15-0148 |
| vs. | ) | |
| | ) | PART _____ |
| CARRIAGE FUNERAL HOLDINGS, | ) | |
| INC. d/b/a WILLIAMSON & SONS | ) | |
| FUNERAL HOME, | ) | |
| | ) | |
| Defendants | ) | |

## AMENDED COMPLAINT

Comes Plaintiff pursuant to 15.01 and amends her Complaint filed on March 17, 2015, and shows as follows:

Plaintiff sues Defendant Carriage Funeral Holdings, Inc. d/b/a Williamson & Sons Funeral Home (hereinafter collectively referred to as "Defendants") in the amount of $750,000 for unlawful age discrimination in employment. Specifically, Plaintiff would show unto the Court as follows:

I.  JURISDICTION

1.  The jurisdiction of this Court is invoked by Plaintiff pursuant to Tenn. Code Ann. §4-21-311 to secure protection and redress for the deprivation of rights granted by the Tennessee Human Rights Act (THRA), Tenn. Code Ann. § 4-21-101, *et seq.*

2.  Defendants are "employers" within the meaning of Tenn. Code Ann. § 4-21-101, et seq.

## II. NATURE OF PROCEEDING

3.      Plaintiff seeks back pay, re-employment or front pay in lieu of re-employment, the value of all employee benefits, compensatory damages for mental distress and anguish, costs of the action, prejudgment interest, attorneys' fees and for such additional damages and equitable relief as may be necessary to effectuate the purposes of the laws involved.

## III. THE PARTIES

3.      Plaintiff is a 79 year old resident of Hamilton County, Tennessee, and was employed by Defendant in Soddy-Daisy, Hamilton County, Tennessee.

4.      Defendant, Carriage Funeral Holdings, Inc. owns and operates Williamson & Sons Funeral Home in Soddy-Daisy, Hamilton County, Tennessee. Defendant is a foreign corporation. At all times herein, Defendant was an employer of Plaintiff pursuant to T.C.A. 4-21-101, et seq. and subject to the laws of the Tennessee Human Rights Act.

## IV. FACTUAL BASES OF PLAINTIFF'S CLAIM

5.      Plaintiff was employed by Defendant as a Collection Manager.

6.      Throughout her employment with Defendant, Plaintiff had collected unpaid funeral costs, worked with clients, and had performed other funeral home duties as requested.

7.      Part of Plaintiff's job duties included working with funeral directors in securing payment for funeral services.

8.      Throughout Plaintiff's employment, she and other older employees were subjected to a hostile work environment. Funeral Director Jimmy Williamson was hostile toward the older employees by screaming at them in the presence of customers and other employees. Mr. Williamson's hostility became violent at times.

-2-

42275

9. Despite Plaintiff's and other employees' complaints about Mr. Williamson's discriminatory and hostile behavior, Defendant failed to take any action to stop the discrimination.

10. On March 18, 2014, Plaintiff asked Jimmy Williamson about some unpaid accounts that had been his responsibility. Mr. Williamson began screaming at Plaintiff calling her an "old woman" and stating, "You are just an old lady that needs to get the hell on out of here." He proceeded to tell Plaintiff that Defendant needed someone younger than her.

11. During Jimmy Williamson's tirade, he struck Plaintiff in the face two times. The head of the Soddy-Daisy location, Marvin "Chuck" Williamson witnessed Jimmy Williamson's age-biased comments and witnessed him strike Plaintiff. Chuck Williamson took no action to stop that assault or the discriminatory actions.

12. Chuck Williamson later told Plaintiff to take March 19 and 20 off and return to work on March 21, 2014. However, on the afternoon of March 20, 2014, Chuck Williamson called Plaintiff and terminated her employment.

13. Plaintiff had contacted Defendant's home office and complained of the age discrimination, but again Defendant refused to take any action.

14. Defendants are responsible for the acts of its agents.

15. As a result of all of these actions Plaintiff has suffered significant income loss, humiliations and embarrassment and other expense.

V. **PLAINTIFF'S CLAIMS**

**Tennessee Human Rights Act**

16. Defendant violated the Tennessee Human Rights Act, specifically Tenn. Code Ann. §4-21-401, by terminating Plaintiff because of her age.

-3-

42275

17.     Defendant violated the Tennessee Human Rights Act, specifically Tenn. Code Ann. §4-21-401, by allowing a hostile work environment because of Plaintiff's age.

## VI.     DAMAGES

18.     As a result of the wrongful action of Defendants in discriminating against Plaintiff because of her age, Plaintiff has suffered both financially and emotionally. In particular, Plaintiff has been deprived of and will continue to be deprived of wages, opportunities and advancement, and various employee benefits which she would have earned had she not been discriminated against by Defendant. In addition to the actual and financial loss Plaintiff has sustained, she has suffered mental and emotional anguish resulting from Defendant's unlawful actions and has incurred attorney's fees.

## VII.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays as follows:

a.     That the Court issue and serve process on Defendants and require Defendants to answer within the time prescribed by law;

b.     That upon the hearing of this cause Plaintiff be awarded judgment for damages for lost wages and the value of all employment benefits which she has lost from the date of her termination;

c.     That the Court issue an injunction requiring Defendants to re-employ Plaintiff at her former position or at an equivalent job with all employment rights and benefits to which she would have been entitled but for her discharge and Defendant's retaliation, and without harassment or illegal conditions imposed on her job, or in the alternative, front pay and benefits in lieu of reinstatement;

-4-

42275

e.     That Plaintiff be awarded damages for humiliation and embarrassment, attorneys'
fees, costs and such other and further relief to which the Plaintiff is entitled pursuant to the
Tennessee Human Rights Act;

g.     That Plaintiff be awarded any other relief which the Court deems proper; and

h.     That Plaintiff be granted a jury to try all claims and issues triable by a jury.


BURNETTE, DOBSON & PINCHAK

By: _____
     Harry F. Burnette, BPR No. 004803
     H. Eric Burnette, BPR No. 24342
     Attorneys for Plaintiff
     711 Cherry Street
     Chattanooga, TN 37402
     Phone: (423) 266-2121
     Fax: (423) 266-3324

-5-

42275

IN THE CHANCERY COURT OF HAMILTON COUNTY, TENNESSEE

| | |
|---|---|
| SHIRLEY SWANSON | ) |
| Plaintiff, | ) **JURY DEMAND** |
| | ) NO. 15-0148 |
| vs. | ) |
| | ) |
| CARRIAGE FUNERAL HOLDINGS, | ) |
| INC. d/b/a WILLIAMSON & SONS | ) |
| FUNERAL HOME, and JIMMY | ) |
| WILLIAMSON, | ) |
| | ) |
| Defendants | ) |

## COMPLAINT

Comes Plaintiff and sues Defendant Carriage Funeral Holdings, Inc. d/b/a Williamson & Sons Funeral Home (hereinafter collectively referred to as "Defendants") in the amount of $750,000 for unlawful age discrimination in employment. Specifically, Plaintiff would show unto the Court as follows:

## I.   JURISDICTION

1.    The jurisdiction of this Court is invoked by Plaintiff pursuant to Tenn. Code Ann. §4-21-311 to secure protection and redress for the deprivation of rights granted by the Tennessee Human Rights Act (THRA), Tenn. Code Ann. § 4-21-101, *et seq.*

2.    Defendants are "employers" within the meaning of Tenn. Code Ann. § 4-21-101, et seq.

## II.   NATURE OF PROCEEDING

3.    Plaintiff seeks back pay, re-employment or front pay in lieu of re-employment, the value of all employee benefits, compensatory damages for mental distress and anguish, costs

of the action, prejudgment interest, attorneys' fees and for such additional damages and equitable relief as may be necessary to effectuate the purposes of the laws involved.

## III. THE PARTIES

3. Plaintiff is a 79 year old resident of Hamilton County, Tennessee, and was employed by Defendant in Soddy-Daisy, Hamilton County, Tennessee.

4. Defendant, Carriage Funeral Holdings, Inc. owns and operates Williamson & Sons Funeral Home in Soddy-Daisy, Hamilton County, Tennessee. Defendant is a foreign corporation. At all times herein, Defendant was an employer of Plaintiff pursuant to T.C.A. 4-21-101, et seq. and subject to the laws of the Tennessee Human Rights Act.

## IV. FACTUAL BASES OF PLAINTIFF'S CLAIM

5. Plaintiff was employed by Defendant as a Collection Manager.

6. Throughout her employment with Defendant, Plaintiff had collected unpaid funeral costs, worked with clients, and had performed other funeral home duties as requested.

7. Part of Plaintiff's job duties included working with funeral directors in securing payment for funeral services.

8. Throughout Plaintiff's employment, she and other older employees were subjected to a hostile work environment. Funeral Director Jimmy Williamson was hostile toward the older employees by screaming at them in the presence of customers and other employees. Mr. Williamson's hostility became violent at times.

9. Despite Plaintiff's and other employees' complaints about Mr. Williamson's discriminatory and hostile behavior, Defendant failed to take any action to stop the discrimination.

10. On March 18, 2014, Plaintiff asked Jimmy Williamson about some unpaid accounts that had been his responsibility. Mr. Williamson began screaming at Plaintiff calling her an "old

-2-

woman" and stating, "You are just an old lady that needs to get the hell on out of here." He proceeded to tell Plaintiff that Defendant needed someone younger than her.

11. During Jimmy Williamson's tirade, he struck Plaintiff in the face two times. The head of the Soddy-Daisy location, Marvin "Chuck" Williamson witnessed Jimmy Williamson's age-biased comments and witnessed him strike Plaintiff. Chuck Williamson took no action to stop that assault or the discriminatory actions.

12. Chuck Williamson later told Plaintiff to take March 19 and 20 off and return to work on March 21, 2014. However, on the afternoon of March 20, 2014, Chuck Williamson called Plaintiff and terminated her employment.

13. Plaintiff had contacted Defendant's home office and complained of the age discrimination, but again Defendant refused to take any action.

14. Defendants are responsible for the acts of its agents.

15. As a result of all of these actions Plaintiff has suffered significant income loss, humiliations and embarrassment and other expense.

## V. PLAINTIFF'S CLAIMS

### Tennessee Human Rights Act

16. Defendant violated the Tennessee Human Rights Act, specifically Tenn. Code Ann. §4-21-401, by terminating Plaintiff because of her age.

17. Defendant violated the Tennessee Human Rights Act, specifically Tenn. Code Ann. §4-21-401, by allowing a hostile work environment because of Plaintiff's age.

## VI. DAMAGES

18. As a result of the wrongful action of Defendants in discriminating against Plaintiff because of her age, Plaintiff has suffered both financially and emotionally. In particular, Plaintiff

-3-

42275

has been deprived of and will continue to be deprived of wages, opportunities and advancement, and various employee benefits which she would have earned had she not been discriminated against by Defendant. In addition to the actual and financial loss Plaintiff has sustained, she has suffered mental and emotional anguish resulting from Defendant's unlawful actions and has incurred attorney's fees.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays as follows:

a.    That the Court issue and serve process on Defendants and require Defendants to answer within the time prescribed by law;

b.    That upon the hearing of this cause Plaintiff be awarded judgment for damages for lost wages and the value of all employment benefits which she has lost from the date of her termination;

c.    That the Court issue an injunction requiring Defendants to re-employ Plaintiff at her former position or at an equivalent job with all employment rights and benefits to which she would have been entitled but for her discharge and Defendant's retaliation, and without harassment or illegal conditions imposed on her job, or in the alternative, front pay and benefits in lieu of reinstatement;

e.    That Plaintiff be awarded damages for humiliation and embarrassment, attorneys' fees, costs and such other and further relief to which the Plaintiff is entitled pursuant to the Tennessee Human Rights Act;

g.    That Plaintiff be awarded any other relief which the Court deems proper; and

h.    That Plaintiff be granted a jury to try all claims and issues triable by a jury.

-4-

42275

BURNETTE, DOBSON & PINCHAK.

By: _Eric Burnette_____
        Harry F. Burnette, BPR. No. 004803
        H. Eric Burnette, BPR. No. 24342
        Attorneys for Plaintiff
        711 Cherry Street
        Chattanooga, TN 37402
        Phone: (423) 266-2121
        Fax: (423) 266-3324

-5-

42275

IN THE CHANCERY COURT OF HAMILTON COUNTY, TENNESSEE

| | |
|---|---|
| SHIRLEY SWANSON ) | JURY DEMAND |
|     Plaintiff, ) | NO. 15-0148 |
| vs. ) | PART _____ |
| CARRIAGE FUNERAL HOLDINGS, ) | |
| INC. d/b/a WILLIAMSON & SONS ) | |
| FUNERAL HOME, ) | |
|     Defendants ) | |

## AMENDED COMPLAINT

Comes Plaintiff pursuant to 15.01 and amends her Complaint filed on March 17, 2015, and shows as follows:

Plaintiff sues Defendant Carriage Funeral Holdings, Inc. d/b/a Williamson & Sons Funeral Home (hereinafter collectively referred to as "Defendants") in the amount of $750,000 for unlawful age discrimination in employment. Specifically, Plaintiff would show unto the Court as follows:

### I. JURISDICTION

1. The jurisdiction of this Court is invoked by Plaintiff pursuant to Tenn. Code Ann. §4-21-311 to secure protection and redress for the deprivation of rights granted by the Tennessee Human Rights Act (THRA), Tenn. Code Ann. § 4-21-101, *et seq.*

2. Defendants are "employers" within the meaning of Tenn. Code Ann. § 4-21-101, et seq.

2015 MAR 19 PM 3: 45

FILED
HAMILTON CO CLERK & MASTER

## II. NATURE OF PROCEEDING

3.      Plaintiff seeks back pay, re-employment or front pay in lieu of re-employment, the value of all employee benefits, compensatory damages for mental distress and anguish, costs of the action, prejudgment interest, attorneys' fees and for such additional damages and equitable relief as may be necessary to effectuate the purposes of the laws involved.

## III. THE PARTIES

3.      Plaintiff is a 79 year old resident of Hamilton County, Tennessee, and was employed by Defendant in Soddy-Daisy, Hamilton County, Tennessee.

4.      Defendant, Carriage Funeral Holdings, Inc. owns and operates Williamson & Sons Funeral Home in Soddy-Daisy, Hamilton County, Tennessee. Defendant is a foreign corporation. At all times herein, Defendant was an employer of Plaintiff pursuant to T.C.A. 4-21-101, et seq. and subject to the laws of the Tennessee Human Rights Act.

## IV. FACTUAL BASES OF PLAINTIFF'S CLAIM

5.      Plaintiff was employed by Defendant as a Collection Manager.

6.      Throughout her employment with Defendant, Plaintiff had collected unpaid funeral costs, worked with clients, and had performed other funeral home duties as requested.

7.      Part of Plaintiff's job duties included working with funeral directors in securing payment for funeral services.

8.      Throughout Plaintiff's employment, she and other older employees were subjected to a hostile work environment. Funeral Director Jimmy Williamson was hostile toward the older employees by screaming at them in the presence of customers and other employees. Mr. Williamson's hostility became violent at times.

-2-

42275

9.     Despite Plaintiff's and other employees' complaints about Mr. Williamson's discriminatory and hostile behavior, Defendant failed to take any action to stop the discrimination.

10.     On March 18, 2014, Plaintiff asked Jimmy Williamson about some unpaid accounts that had been his responsibility. Mr. Williamson began screaming at Plaintiff calling her an "old woman" and stating, "You are just an old lady that needs to get the hell on out of here." He proceeded to tell Plaintiff that Defendant needed someone younger than her.

11.     During Jimmy Williamson's tirade, he struck Plaintiff in the face two times. The head of the Soddy-Daisy location, Marvin "Chuck" Williamson witnessed Jimmy Williamson's age-biased comments and witnessed him strike Plaintiff. Chuck Williamson took no action to stop that assault or the discriminatory actions.

12.     Chuck Williamson later told Plaintiff to take March 19 and 20 off and return to work on March 21, 2014. However, on the afternoon of March 20, 2014, Chuck Williamson called Plaintiff and terminated her employment.

13.     Plaintiff had contacted Defendant's home office and complained of the age discrimination, but again Defendant refused to take any action.

14.     Defendants are responsible for the acts of its agents.

15.     As a result of all of these actions Plaintiff has suffered significant income loss, humiliations and embarrassment and other expense.

V.     PLAINTIFF'S CLAIMS

Tennessee Human Rights Act

16.     Defendant violated the Tennessee Human Rights Act, specifically Tenn. Code Ann. §4-21-401, by terminating Plaintiff because of her age.

-3-

42275

17. Defendant violated the Tennessee Human Rights Act, specifically Tenn. Code Ann. §4-21-401, by allowing a hostile work environment because of Plaintiff's age.

## VI. DAMAGES

18. As a result of the wrongful action of Defendants in discriminating against Plaintiff because of her age, Plaintiff has suffered both financially and emotionally. In particular, Plaintiff has been deprived of and will continue to be deprived of wages, opportunities and advancement, and various employee benefits which she would have earned had she not been discriminated against by Defendant. In addition to the actual and financial loss Plaintiff has sustained, she has suffered mental and emotional anguish resulting from Defendant's unlawful actions and has incurred attorney's fees.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays as follows:

a. That the Court issue and serve process on Defendants and require Defendants to answer within the time prescribed by law;

b. That upon the hearing of this cause Plaintiff be awarded judgment for damages for lost wages and the value of all employment benefits which she has lost from the date of her termination;

c. That the Court issue an injunction requiring Defendants to re-employ Plaintiff at her former position or at an equivalent job with all employment rights and benefits to which she would have been entitled but for her discharge and Defendant's retaliation, and without harassment or illegal conditions imposed on her job, or in the alternative, front pay and benefits in lieu of reinstatement;

-4-

42275

e.  That Plaintiff be awarded damages for humiliation and embarrassment, attorneys'
fees, costs and such other and further relief to which the Plaintiff is entitled pursuant to the
Tennessee Human Rights Act;

g.  That Plaintiff be awarded any other relief which the Court deems proper; and

h.  That Plaintiff be granted a jury to try all claims and issues triable by a jury.

BURNETTE, DOBSON & PINCHAK

By: _____
Harry F. Burnette, BPR No. 004803
H. Eric Burnette, BPR No. 24342
Attorneys for Plaintiff
711 Cherry Street
Chattanooga, TN 37402
Phone: (423) 266-2121
Fax: (423) 266-3324

-5-

42275





CERTIFIED MAIL

7013 1710 0000 9139 4576

BURNETTE, DOBSON & PINCHAK
711 Cherry Street
Chattanooga, TN 37402

To: Carriage Funeral Holdings, Inc.
c/o Corporation Service Company
2908 Poston Avenue
Nashville, TN 37203-1312



CORPORATION SERVICE COMPANY®

## Notice of Service of Process

null / ALL
Transmittal Number: 13623975
Date Processed: 03/30/2015

| | |
|---|---|
| Primary Contact: | Grae Griffin<br>Carriage Services<br>Attn: Legal Dept.<br>Suite 300 3040 Post Oak Blvd.<br>Houston, TX 77056 |
| Copy of transmittal only provided to: | Legal Department |

| | |
|---|---|
| Entity: | Carriage Funeral Holdings, Inc.<br>Entity ID Number 3317451 |
| Entity Served: | Carriage Funeral Holdings, Inc., d/b/a Williamson & Sons Funeral Home |
| Title of Action: | Shirley Swanson vs. Carriage Funeral Holdings, Inc. d/b/a Williamson & Sons Funeral Home |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Discrimination |
| Court/Agency: | Hamilton County Chancery Court, Tennessee |
| Case/Reference No: | 15-0148 |
| Jurisdiction Served: | Tennessee |
| Date Served on CSC: | 03/27/2015 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | Harry F. Burnette<br>423-266-2121 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

To avoid potential delay, please do not send your response to CSC
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

Raymond Sebesta
_____

From:           sop@cscinfo.com
Sent:           Monday, March 30, 2015 12:13 PM
To:             Legal
Subject:        Notice of Service of Process - Transmittal Number: 13623975

Follow Up Flag: Follow up
Flag Status:    Flagged

## Corporation Service Company ®

**NOTICE OF SERVICE OF PROCESS**

**Transmittal Number: 13623975**
(Click the Transmittal Number to view your SOP)

_For more information on instant access to your SOP, click Sign Me Up._

Pursuant to client instructions, we are forwarding this summary and Notice of Service of Process.

| | |
|---|---|
| **Entity:** | Carriage Funeral Holdings, Inc. |
| **Entity I.D. Number:** | 3317451 |
| **Entity Served:** | Carriage Funeral Holdings, Inc., d/b/a Williamson & Sons Funeral Home |
| **Title of Action:** | Shirley Swanson vs. Carriage Funeral Holdings, Inc. d/b/a Williamson & Sons Fu |
| **Document(s) type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Hamilton County Chancery Court, Tennessee |
| **Case/Reference No:** | 15-0148 |
| **Jurisdiction Served:** | Tennessee |
| **Date Served on CSC:** | 03/27/2015 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |

**Sender Information:**
Harry F. Burnette
423-266-2121

**Primary Contact:**
Grae  Griffin
Carriage Services

**Copy of transmittal only provided to:**
Legal Department

1

Information contained on this transmittal form is for record keeping, notification and forwarding the attached do
It does not constitute a legal opinion. The recipient is responsible for interpreting the document(s) and taking ap
action.

Please visit www.cscglobal.com for more information related to CSC's Litigation and Matter Management service
MYSOP, online acknowledgement of SOP and to view a complete library of all SOP received on your behalf by CS

**CSC is SSAE 16 certified for its Litigation Management System.**