IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA

| | |
|---|---|
| SHIRLEY SWANSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case Number: 1:15-cv-00093 |
| CARRIAGE FUNERAL HOLDINGS, INC. d/b/a WILLIAMSON & SONS FUNERAL HOME, | ) Judge Harry S. Mattice<br>) Magistrate Judge William B. Carter ) ) ) |
| Defendant. | ) ) |

## DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Carriage Services, Inc., improperly identified by Plaintiff as Carriage Funeral Holdings, Inc. d/b/a Williamson & Sons Funeral Home ("Defendant" or "Carriage"), answers Plaintiff's Amended Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

### JURISDICTION AND VENUE

1. As to Paragraph 1, Defendant admits the United States District Court for the Eastern District of Tennessee has jurisdiction over Plaintiff's claims. To the extent this paragraph implies liability in any way, it is denied.

2. The allegations contained in Paragraph 2 are admitted. To the extent this paragraph implies liability in any way, it is denied.

/ / /

/ / /

3314541.1

## NATURE OF PROCEEDING

3. Paragraph 3 of Plaintiff's Amended Complaint amounts to a statement of relief sought by Plaintiff requiring neither admission or denial. Defendant specifically denies any and all allegations of liability and denies Plaintiff is entitled to any relief whatsoever.

## THE PARTIES

4. As to Paragraph 4, Defendant admits Plaintiff is a 79 year old resident of Hamilton County, Tennessee and that Plaintiff performed services, as an independent contractor, for Defendant in Soddy-Daisy, Hamilton County, Tennessee. To the extent this paragraph implies liability in any way, it is denied.[1]

5. As to Paragraph 5, Defendant admits it is a foreign corporation. The remainder of the allegations contained in Paragraph 5 are denied. To the extent this paragraph implies liability in any way, it is denied.

## FACTUAL BASES OF PLAINTIFF'S CLAIM

6. As to Paragraph 6, Defendant admits Plaintiff provided collection services, as an independent contractor, for Defendant. The remainder of the allegations contained in Paragraph 6 are denied. To the extent this paragraph implies liability in any way, it is denied.

7. As to Paragraph 7, Defendant admits Plaintiff performed services, as an independent contractor, for Defendant including the collection of unpaid funeral costs. The remainder of the allegations contained in Paragraph 7 are denied. To the extent this paragraph implies liability in any way, it is denied.

8. As to Paragraph 8, Defendant admits Plaintiff performed services, as an independent contractor, for Defendant including the collection of funeral services costs. The

---

[1] Plaintiff's Amended Complaint contained two paragraphs numbered "3." Defendant has numbered its responsive paragraphs in actual numerical order.

3314541.1

2

remainder of the allegations contained in Paragraph 8 are denied. To the extent this paragraph implies liability in any way, it is denied.

9. The allegations contained in Paragraph 9 are denied.

10. The allegations contained in Paragraph 10 are denied.

11. The allegations contained in Paragraph 11 are denied.

12. The allegations contained in Paragraph 12 are denied.

13. As to Paragraph 13, Defendant admits Plaintiff was informed that her services as an independent contractor would no longer be needed on or about March 20, 2014. The remainder of the allegations contained in this paragraph are denied. To the extent this paragraph implies liability in any way, it is denied.

14. As to Paragraph 14, Defendant admits Plaintiff initiated an employee relations call on March 18, 2014, reporting Jimmy Williamson was verbally abusive toward her. The remainder of the allegations contained in Paragraph 14 are denied. To the extent this paragraph implies liability in any way, it is denied.

15. As to Paragraph 15, Defendant denies its agents engaged in any acts giving rise to liability. To the extent this paragraph implies liability in any way, it is denied.

16. The allegations contained in Paragraph 16 are denied.

**PLAINTIFF'S CLAIMS – TENNESSEE HUMAN RIGHTS ACT**

17. The allegations contained in Paragraph 17 are denied.

18. The allegations contained in Paragraph 18 are denied.

**DAMAGES**

19. The allegations contained in Paragraph 19 are denied.

20. Any Complaint allegations not expressly admitted herein are hereby denied in their entirety.

3314541.1

3

## PRAYER FOR RELIEF

The remainder of Plaintiff's Amended Complaint consists of a prayer for relief which requires neither admission nor denial. Even so, Defendant denies any allegations or inferences of wrongdoing or illegality and denies that Plaintiff is entitled to any relief whatsoever.

## THIRD DEFENSE

Plaintiff may be estopped from asserting all or some of her claims since the position Plaintiff now finds herself in is due to her own acts.

## FOURTH DEFENSE

Some or all of the claims alleged in the Complaint may be barred by the applicable statute of limitations.

## FIFTH DEFENSE

To the extent Plaintiff has failed to satisfy any conditions precedent that are necessary to maintain her claims, or failed to exhaust administrative remedies, such claims are barred.

## SIXTH DEFENSE

At all times Defendant's actions were based on legitimate, nondiscriminatory, business-related reasons, undertaken in good faith and without malice or ill-will towards the Plaintiff.

## SEVENTH DEFENSE

Any alleged discriminatory conduct by employees of Defendant as averred in the Complaint was outside the scope of those employee's employment.

### EIGHTH DEFENSE

At all times relevant hereto, Defendant had specific policies and procedures in place protecting against unlawful discrimination, harassment and retaliation, which were well known to Plaintiff.

### NINTH DEFENSE

Defendant exercised reasonable care to prevent and correct promptly any alleged harassment, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or otherwise avoid harm.

### TENTH DEFENSE

The conduct alleged to be harassing is not severe or pervasive so that it creates an objectively hostile or abusive work environment.

### ELEVENTH DEFENSE

Plaintiff was not an employee of Defendant.

### TWELFTH DEFENSE

Plaintiff's services as an independent contractor were terminated for legitimate, nondiscriminatory reasons.

### THIRTEENTH DEFENSE

Plaintiff was over the age of 40 at the time Defendant engaged her to perform services as an independent contractor, just as she was over the age of 40 when Defendant ended her services as an independent contractor.

### FOURTEENTH DEFENSE

Defendant is entitled to the same actor inference.

## FIFTEENTH DEFENSE

To the extent Plaintiff has failed to mitigate her alleged damages, such failure bars, or at least reduces, recovery of such damages.

## SIXTEENTH DEFENSE

To the extent evidence is acquired, after Plaintiff's services as an independent contractor ended, which would provide a basis for termination of her services, Plaintiff is barred from recovery.

## SEVENTEENTH DEFENSE

Plaintiff is not entitled to a jury trial on claims for front pay, interest, or equitable relief.

## EIGHTEENTH DEFENSE

Defendant requests a jury of twelve in the event this matter proceeds to trial.

## NINETEENTH DEFENSE

Because no discovery has yet occurred in this action, Defendant reserves the right to assert further defenses as appropriate.

WHEREFORE, Defendant requests the Court dismiss Plaintiff's claims and award Defendant its costs and attorneys' fees incurred in defending the instant action, as well as any other appropriate relief.

Date: April 17th, 2015            Respectfully submitted,

         */s/ Mary Dohner Smith*
         Mary Dohner Smith, TN Bar No. 021451
         Mallory Schneider Ricci, TN Bar No. 032492
         Attorneys for Defendant
         **CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
         401 Commerce Street
         Suite 1010
         Nashville, TN 37219
         (615) 320-5200; (615) 321-5891 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **Defendant's Answer to Plaintiff's Amended Complaint** has been furnished to the below individuals via the Court's electronic filing system and/or by depositing same in the United States Mail, postage prepaid, on April 17th, 2015:

>Harry F. Burnette
>H. Eric Burnette
>711 Cherry Street
>Chattanooga, Tennessee 37402

>*/s/ Mary Dohner Smith*
>Mary Dohner Smith